Servpro, a professional domestic cleaning service, filed a complaint in the District Court of Lauderdale County in February 1986 against G.B. McDonald for approximately $3,500 for work and labor done on the McDonald home following a fire. McDonald filed a counterclaim against Servpro for $5,000 for "damages to the *Page 860 
personal property of the defendant." The district court entered judgment for Servpro and denied McDonald's counterclaim. McDonald appealed the district court judgment to the circuit court for a trial de novo.
McDonald did not amend his counterclaim in the circuit court. We infer from postpleading motions, the evidence, and arguments in brief that McDonald's cause of action was based on a negligence theory, the theory being that Servpro's negligent conduct caused damage to McDonald's personal property and caused McDonald to suffer personal injury.
The parties proceeded with discovery in the circuit court. Subsequently Servpro filed a motion for summary judgment alleging that there was no evidence that any act or failure to act by Servpro was the proximate cause of any personal injury or damage sustained by McDonald, that Servpro owed no legal duty to McDonald, and that if a duty were owed there was no breach of that duty. McDonald filed a motion in opposition to Servpro's motion for summary judgment, alleging the existence of genuine issues of material fact. The issues which he alleged were in dispute were whether the chemicals introduced into McDonald's home caused McDonald's physical problems and whether Servpro negligently performed its contract. In support of his motion in opposition, McDonald submitted various affidavits and depositions. Servpro made no timely objection to McDonald's submissions. The trial court granted Servpro's motion for summary judgment, finding that McDonald failed to offer proof of elements essential to support his claim. The court later entered a Rule 54(b), Alabama Rules of Civil Procedure, certification of finality. McDonald appeals.
Initially McDonald asserts that the trial court erred in granting summary judgment in favor of Servpro.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Southern Guaranty Ins. v. FirstAla. Bank, 540 So.2d 732 (Ala. 1989). Where, however, the nonmovant produces substantial evidence to support its complaint, summary judgment cannot be granted. SouthernGuaranty Ins. We find the substantial evidence rule to apply in this instance because the appeal for the trial de novo in circuit court was filed after June 11, 1987. Perry v. HancockFabrics, Inc., 541 So.2d 521 (Ala. 1989).
Pleadings, depositions, and affidavits before the trial court on motion for summary judgment included the following: On July 14, 1985 McDonald had a fire in his home. On the recommendation of his insurance representative, he contracted with Servpro to clean his home of the residual damage caused by the fire. McDonald alleged that during the course of Servpro's cleaning operations, Servpro negligently damaged, destroyed, and lost items of personal property belonging to McDonald. In an effort to substantiate his claim, McDonald offered his deposition and that of his wife. Both McDonald and his wife testified that they were present in the home and witnessed Servpro's negligent conduct and the resulting damage to their personal property. The majority of the depositions were dedicated to a delineation of those items that were allegedly lost, damaged, or destroyed by Servpro. In answer to Servpro's interrogatories, McDonald listed each damaged or missing item and assigned a replacement cost for each item. Servpro offered no evidence in support of its motion, but relied upon McDonald's evidence. It contends that that evidence fails to support the cause of action.
From our review of the pleadings, interrogatories, and depositions, it is clear that there existed a substantial amount of evidence demonstrating the existence of genuine issues of material facts as they pertain to McDonald's claim of damage to his personal property.
McDonald also alleged that he suffered personal injury due to Servpro's negligent performance of its contract. He offered evidence showing that he suffered an allergic reaction subsequent to Servpro's cleaning of the house. He claimed that a *Page 861 
chemical used by Servpro caused the allergic reaction. He offered expert testimony on the issue. The experts, however, did not give opinion testimony that the chemical used by Servpro was the proximate cause of the reactions. The experts speculated that the chemicals "could" have caused McDonald's reaction.
McDonald failed to present substantial evidence that Servpro's use of the specified chemical was the proximate cause of his allergic reaction. McDonald's speculation and conclusory allegations are insufficient to create a genuine issue for trial. Best v. Houtz, 541 So.2d 8 (Ala. 1989). Summary judgment as to McDonald's personal injury claim was proper.
McDonald asserts that the trial court further erred in denying his motion to amend his counterclaim and add his wife as a counterclaimant. McDonald filed the motion in January 1990 after discovering the alleged correlation between his wife's health problems and the chemicals utilized by Servpro. We find a discussion concerning the denial of the motion to amend to be futile in view of our prior finding that McDonald failed to establish the existence of a genuine issue of material fact concerning the personal injury claim.
The trial court's grant of summary judgment is affirmed as it relates to McDonald's personal injury claim. As it relates to McDonald's claim for damages to his property, the grant of summary judgment is reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.