L. CHARLES WRIGHT, Retired Appellate Judge.
In January 1987 James and Odessa Walls purchased a 1987 Chevrolet pickup truck from Kilpatrick Chevrolet. The Wallses financed the truck by executing a Retail Installment Sale Contract and Security Agreement with Kilpatrick. The contract was subsequently assigned to General Motors Acceptance Corporation (GMAC).
The truck was involved in an accident and completely destroyed. The Wallses acquired a new 1987 Chevrolet pickup truck from Kilpatrick, apparently with the cooperation of GMAC, using insurance proceeds from the first truck so that the second *416 could replace the first under the same contract. Mr. Walls signed a substitution agreement with GMAC.
The Wallses failed to pay two monthly installments. After notice and under the security agreement, GMAC took possession of the truck. It was subsequently sold at auction for an amount less than that remaining on the contract.
GMAC instituted the present action to recover from the Wallses the deficiency balance. The Wallses filed an answer denying the allegations of the complaint. They filed a counterclaim alleging conversion, “commercially unreasonable” disposition of the truck, and wrongful seizure of Odessa Walls’s interest in the truck.
GMAC filed a motion for summary judgment on the complaint and the counterclaim with affidavits and depositions. Following a hearing on the motion, the court found that there was no genuine issue of material fact and that GMAC was entitled to judgment on the complaint and counterclaim as a matter of law. The Wallses appeal.
Summary judgment is proper when the trial court determines that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Alabama Rules of Civil Procedure. The moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984). Once the moving party makes a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the burden shifts to the defendant to show by substantial evidence that there is a genuine issue supporting its position. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989).
The Wallses contend that the trial court erred in granting summary judgment in favor of GMAC. They insist that the affidavit of GMAC’s credit representative, Faye Williams, was not admissible in that it failed to show that the affiant had personal knowledge of the facts.
Rule 56, A.R.Civ.P., permits evidence in the form of affidavits. Opposing and supporting affidavits must be made on personal knowledge, must show that the affiant is competent to testify, and must set forth facts that would be admissible in evidence. Rule 56(e), A.R.Civ.P.; Car Ctr., Inc. v. Home Indem. Co., 519 So.2d 1319 (Ala.1988).
Williams’s affidavit showed that she was personally familiar with the debt owed by the Wallses because of her position as credit representative for GMAC. We find that the affidavit satisfies the requirements of Rule 56(e).
The Wallses next contend that summary judgment was improperly granted on their counterclaim because the facts revealed that the repossession of the truck was wrongful and constituted a breach of peace.
In deposition, James Walls testified that the GMAC representative who repossessed the truck did not threaten him. He stated that “rather than get mad and aggravated and into a fight” he personally gave the representative the keys to the truck.
In opposition to the motion for summary judgment, Walls filed an affidavit in which he stated that the GMAC representative threatened him. That statement is inconsistent with his prior deposition testimony. When a party has given unambiguous answers which negate the existence of a genuine issue of material fact, that party is precluded from creating an issue of fact by providing a subsequent affidavit that contradicts, without explanation, his previous deposition testimony. Robinson v. Hank Roberts, Inc., 514 So.2d 958 (Ala.1987).
The Wallses further suggest that the repossession of the truck was unlawful because GMAC did not have a security interest in Odessa Walls’s one-half ownership of the truck. Odessa Walls contends that because her signature did not appear on the Substitution Agreement she did not consent to the substitution of the collateral.
Section 7-9-203(3), Code 1975, provides that a security agreement gives the secured party the right to subsequent “proceeds” from the secured property unless the parties agree otherwise. Section 7-9- *417 306 defines “proceeds” to include “[insurance payable by reason of loss or damage to the collateral.” That section further provides that:
“Except where this article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.”
It is undisputed that the Wallses purchased the first truck in January 1987 and pledged it as collateral under a security agreement which was subsequently assigned to GMAC. The record reflects that after the original truck was wrecked the Wallses acquired another truck through application of insurance proceeds from the wreck of the first. The second truck was substituted as collateral under the contract.
Sections 7-9-203(3) and 7-9-306 make it clear that, unless the parties agree otherwise (and there is no indication from the record that the parties did agree otherwise), the secured party retains its security interest in the “proceeds” of collateral upon transfer of the collateral. Applying the appropriate law to the facts of this case, we find that GMAC continued to have a security interest in the substituted truck which was procured by use of insurance “proceeds,” and which substitution was executed by a co-owner.
We comment further that though one co-owner did not sign the substitution of collateral, she shared possession and use of the truck and made payments under the contract along with her co-owner. She appears to have been fully aware of and accepted the benefits of the new arrangement without complaint.
The Wallses contend that summary judgment was inappropriate because the facts revealed that GMAC failed to sell the truck in a “commercially reasonable manner.” They insist that the price obtained at the auction was far less than the fair market value of the truck.
Section 7-9-507(2), Code 1975, provides, in pertinent part, the following:
“The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner.”
The party asserting that the collateral has been sold in a commercially unreasonable manner must “present evidence of what constitutes reasonable commercial practices, usual manner of sale, and what the current market price was at the time of the sale.” Terrell v. John Deere Co., 491 So.2d 918 (Ala.1986).
The truck was sold at auction for $8,350. James Walls stated that in his opinion the truck was worth $12,000 wholesale and $14,700 retail and should have been sold accordingly. He further stated that he thought the sale was conducted in an unreasonable manner because “no GMAC representative was there to look out for their own benefit and require a minimum bid on that vehicle.”
The record is devoid of any evidence detailing the manner in which the truck was sold. Similarly, the record does not contain any evidence of what constitutes a reasonable commercial practice or a usual manner of sale in the disposition of a repossessed vehicle.
James Walls’s conclusory opinions fail to sustain his allegation that the truck was sold in a commercially unreasonable manner.
The Wallses further contend that the truck was not sold in a commercially reasonable manner because they were not properly served with notice of the sale.
*418 It is undisputed that James Walls received notice of the sale. When questioned in deposition about receiving notice of the sale, Odessa Walls stated that, “I’m not saying that I didn’t get it. I’m saying that I don’t remember getting it.” The Wallses’ contention is not supported by the record.
The Wallses finally contend that the trial court erred in refusing to grant their post-judgment motion. They do not offer any. new arguments in support of this final contention. Instead, in brief, they assert that the trial court “committed the same errors in refusing to grant Appellants’ Post Judgment Motion as it did in granting Ap-pellee’s Motion for Summary Judgment.” We find it unnecessary to address this contention any further.
The trial court’s grant of summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.