L. CHARLES WRIGHT, Retired Appellate Judge.
In 1991 James Sammuel Harrold and Sandra Harrold executed a promissory note, mortgage, and construction loan agreement to Central Bank of the South, now known as Compass Bank, in order to construct a new home. In 1994 the Bank filed an action, seeking judicial foreclosure of the Bank’s mortgage and a deficiency judgment on the promissory note. The Harrolds filed a counterclaim. The trial court entered a summary judgment on the Bank’s complaint and certified its judgment as final pursuant to Rule 54(b), Ala.R.Civ.P. The Harrolds’ counterclaim is currently pending.
The Harrolds appeal. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
The sole issue on appeal is whether the trial court erred in entering a summary judgment in favor of the Bank.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. This court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359 (Ala.1993).
The Harrolds secured the promissory note, mortgage, and construction loan agreement in the amount of $483,299 in order to build a home. Construction on the home commenced in the spring of 1992. The loan had an original maturity date in June 1992. The Harrolds, however, executed modifications and extensions into 1993. Since August 1993, the Harrolds have not made their interest payments to the Bank, and construction has stopped. At the time of the hearing, the home was unfinished and uninhabited.
The agreement executed between the Har-rolds and the Bank gave the Bank the right to declare all sums secured by the mortgage *175 immediately due and payable should the Harrolds fail to make the required monthly interest payments, fail to maintain adequate hazard insurance on the property, or if construction should cease for more than 14 days.
In support of its motion for summary judgment, the Bank filed documents and affidavits showing that the Harrolds had not made an interest payment since August 1993, that they had failed to maintain insurance on the property, and that construction had ceased for more than 14 days.
The Harrolds filed an amended answer and counterclaim on the day set for the summary judgment hearing. In support of the counterclaim, the Harrolds submitted an affidavit, stating that they were not in default under the mortgage, but rather that the Bank had breached its contractual obligations to them and had committed fraud. The parties stipulated that during oral argument on the motion, the Harrolds’ amended answer, counterclaim, and affidavit were submitted to the court and orally argued in an effort to circumvent the entry of a summary judgment in favor of the Bank.
In granting the motion for summary judgment, the trial court found the following:
“[B]y reason of default in payment of the promissory note executed by defendants, James Sammuel Harrold and Sandra D. Harrold, on the 28th day of August 1991 (as later modified) and that by reason of default by virtue of the cessation of construction on the property and failure to maintain adequate insurance, the plaintiff, Compass Bank, is entitled to a foreclosure of the mortgage executed by James Sam-muel Harrold and Sandra D. Harrold on the 28th day of August 1991.... ”
The Harrolds assert that the affidavit presented in support of their counterclaim presented numerous unresolved material issues of fact. They contend that the entry of the summary judgment was, therefore, error.
The Harrolds supported their allegations of breach of contract and inducement by fraud by an affidavit based on their personal knowledge. They did not present any factual evidence to support the allegations. Their conclusory allegations and speculation were insufficient to create a genuine issue of material fact. McDonald.
The fact that the interest payments had not been paid, that there was no insurance on the property, and that construction had ceased remained undisputed. Under such circumstances, we find no error with the trial court’s entry of a summary judgment in favor of the Bank.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.