L. CHARLES WRIGHT, Retired Appellate Judge.
Bryson B. Troup filed an action pursuant to § 25-5-11.1, Ala.Code 1975, against *722 SpringMU Memorial Hospital, alleging that her employment with the hospital had been terminated in retaliation for her having filed a workers’ compensation claim against the hospital. The trial court entered a summary judgment in favor of the hospital. Troup appeals. This case is before us pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing a summary judgment, an appellate court must construe the evidence in a manner most favorable to the appellant and resolve all doubts against the appellee. Motes v. Matthews, 497 So.2d 1121 (Ala.1986). Reviewed in that manner, the evidence suggests the following facts:
Troup was employed by the hospital as a respiratory therapist. On July 5, 1993, she injured her back while responding to an emergency situation. Over the next several months she was treated by Dr. Robert White. During this time she was unable to work. In the fall of 1993, Dr. White told Troup that, in his opinion, she would be unable to perform the duties of a respiratory therapist in the future. She discussed Dr. White’s opinion with a representative of the hospital. The hospital suggested that she get a second opinion.
Troup sought a second opinion from Dr. Guy Rutledge III. Dr. Rutledge indicated to her that she could return to her former job at some time in the future. He was uncertain as to when she would be able to resume her normal duties.
Between August and October 1993 Troup had several conversations with her immediate supervisor concerning her availability to return to work. She explained to him that she did not know if, or when, she could return to work. In October 1993 her supervisor decided that he needed a full complement of staff for the respiratory therapy department. He made this decision based on the fact that the fall and winter months are the busiest times of the year for his department. He hired an additional respiratory therapist. Another respiratory therapist employed by the hospital was promoted to Troup’s supervisory position.
On November 11, 1993, Troup was released to return to work. At the time of the release, Troup asked her doctor to “back date” the release to November 1, 1993 — the same day that the promotion of the respiratory therapist to Troup’s supervisory position had been made the subject of a memo to the staff of the hospital.
After November 11, 1993, Troup was offered a position on an “as needed” basis. There were no full-time positions open at that time. She was guaranteed 40 hours per week. During its peak months, the respiratory therapy department used extra employees on an “as needed” basis.
Troup refused to return to the hospital on an “as needed” basis for the month of November 1993. However, in December 1993 she returned to the hospital and worked in the respiratory therapy department. She made the same hourly wage that she had made before her injury and performed the same duties. The only difference in her duties was that she did not hold a supervisory position. She testified that she did not know how many hours per week she averaged at that time.
An “as needed” employee does not receive medical insurance coverage, is not eligible to receive “time and a half’ for overtime, and does not earn annual and sick time benefits. In this instance, however, the hospital kept Troup on the regular health insurance until the end of February 1994.
In late December 1993 Troup announced that because of unrelated medical problems, she would be unable to return to work at the hospital. She suffered from a broken toe and severe rectal bleeding. She feared that the bleeding was a sign of cancer. She testified that she could not return to work until the medical problems were cleared up.
Troup never returned to work at the hospital. In January 1994 she filed this action for retaliatory discharge and outrage. In mid-February 1994 she was released from her unrelated medical problems. The hospital offered her a full-time position on March 7, 1994. Troup refused the offer.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a *723 matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. Substantial evidence is “ ‘evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.’ [Ala.Code, 1975,] § 12-21-12(d).” Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
Section 25-5-11.1, Ala.Code 1975, provides:
“No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits under this chapter.”
The hospital asserts that it was entitled to a summary judgment as a matter of law because there was no evidence presented that Troup had been terminated by the hospital. In agreeing with the hospital’s position, the trial court found the following:
“16. The court finds that the Plaintiff, Bryson B. Troup, was never terminated by Sprmghill Memorial Hospital. The Court finds that the Plaintiff worked at Sprmghill Memorial Hospital, although in a different capacity, after her work-related injury and that the Defendant continued to offer employment on [an “as needed”] basis to Ms. Troup. The Hospital also continued to list Ms. Troup as an employee and continued to make 401(k) and some insurance contributions for her.
“17. The Court further finds that the Plaintiff was still employed by Sprmghill Memorial Hospital at the time of filing suit in January 1994, and that she was never terminated by Sprmghill Memorial Hospital. The Court finds [that the] Plaintiffs refusal to work at Sprmghill and her later refusal to accept full-time employment in March of 1994 constituted a voluntary resignation of her employment with Sprmghill Memorial Hospital.”
Prom our review of the record, we conclude that Troup failed to present substantial evidence that she had in fact been “terminated” by the hospital. The hospital continued to offer her employment, guaranteeing her at least 40 hours per week. Troup worked on an “as needed” basis in December 1993. She testified that her refusal to return to work after January 1994 was due to unrelated medical problems. When the first full-time position became available in March 1994, the hospital offered it to Troup. She refused to take it. There was no termination by the hospital.
Troup insists that she was constructively terminated. “An employee proves a constructive termination by presenting substantial evidence that the employer deliberately made the employee’s working conditions so intolerable that the employee was forced to resign.” Keystone Foods Corp. v. Meeks, 662 So.2d 235 (Ala.1995).
Troup relies primarily on National Security Insurance Co. v. Donaldson, 664 So.2d 871 (Ala.1995), to support her position. We find that case to be distinguishable. In that case Donaldson suffered a substantial salary reduction, was demoted despite evidence that he had been very effective in his previous position, was required to move from one Alabama city to another, and lost the use of a company car and company credit cards.
In the instant case Troup suffered no reduction in salary, and it is pure speculation as to whether she would have suffered any detriment as a result of the change in fringe benefits from full-time to “as needed” status. She was not required to relocate to another city and her job duties did not change. Furthermore, Troup admitted she was not treated badly or mistreated in any way after she returned to work on an “as needed” basis.
In view of the above, we find the trial court’s entry of a summary judgment to be proper.
*724 The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED.
All the judges concur.