Faye Gary appeals from a summary judgment in favor of J. Todd Cross, as executor of the estate of Robert Cross (the estate), in a slip and fall action. This case is before this court pursuant to § 12-2-7(6), Code 1975.
On April 25, 1992, Gary was at the Bingo Center in Gadsden, Alabama. When she left at approximately 9:30 p.m., she noticed that Willie Ruth Williams needed a ride. Williams was a live-in caretaker for Robert Cross. When they arrived at the Cross residence, Williams was unable to enter the front door because she did not have her keys. Williams requested that Gary help her climb in a window. Gary followed Williams around the corner of the house. Gary stepped off a retaining wall and fell to the driveway. There was no lighting where Gary fell.
At issue on appeal is whether Gary's status was that of a licensee or an invitee. The estate filed its motion for a summary judgment, along with supporting evidence, alleging that Gary was either a trespasser or a licensee and that it was entitled to a judgment as a matter of law. The estate further alleged that there was no evidence produced of a willful or wanton act by Robert Cross, nor was there evidence that Robert Cross caused Gary to become negligently injured after becoming aware of her peril. In response, Gary argued that she was an invitee and that Robert Cross breached his heightened duty of care by failing to keep the premises reasonably safe or by failing to warn her of the dangers of the retaining wall. The trial court entered a summary judgment without determining Gary's status.
The classification of a visitor is important because the classification determines the duty of care owed by the landowner. If the visitor is determined to be a trespasser, the landowner owes only the duty not to wantonly or intentionally injure the visitor. Raney v. Roger Downs Ins. Agency,525 So.2d 1384 (Ala. 1988). "The duty owed by a landowner to a licensee is to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the *Page 156 
landowner discovers a danger to the licensee." Hambright v.First Baptist Church-Eastwood, 638 So.2d 865 (Ala. 1994). The duty owed an invitee from a landowner is "to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee."Hambright.
In Raney, the child of a cleaning woman accompanied her mother to the defendant insurance agency and was injured when she ingested lye. Our supreme court held that, although the cleaning woman was an invitee, the child, of whose presence the agency was not aware, was not an invitee. Rather, the child was merely a trespasser or licensee.
We find Raney to be parallel to the facts of this case. Accordingly, we find Gary's status to be that of either a trespasser or a licensee. As such, the duty owed to Gary "was not to willfully or wantonly injure her, or not to allow her to be negligently injured after becoming aware of her peril."Raney.
A summary judgment motion may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v.Servpro, 581 So.2d 859 (Ala.Civ.App. 1991). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to go forward with substantial evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104
(Ala. 1989).
It is undisputed that Robert Cross was unaware that Gary was on his property; therefore, he could not have been "aware of her peril." Furthermore, Gary failed to allege any facts to support a count for wantonness. The trial court did not err in entering a summary judgment in favor of the estate.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.