L. CHARLES WRIGHT, Retired Appellate Judge.
Louis B. Hyde, as executor of the estate of Mae Bell Hyde, filed an action against John D. Turbyfill, demanding a monetary judgment for nonpayment of a promissory note. Hyde filed a motion for a summary judgment, which was granted. Turbyfill appeals. This case is before us pursuant to § 12-2-7(6), Code 1975.
On October 16, 1989, Mae Bell Hyde gave her brother, Turbyfill, $36,000. Turbyfill, in writing, promised to repay the sum, with 8% interest, at a rate of $300 per month. Turby-fill made some payments, but failed to repay the sum according to the terms. Turbyfill averred that the $36,000 was a gift and that he unilaterally insisted on promising to repay the money.
Eva Gober, Mae Bell and Turbyfill’s sister, submitted an affidavit on behalf of Turbyfill. It provided the following: “In 1989, I had a conversation with my sister, Mae Bell Hyde, in which she said that she counted the money which she had let John D. Turbyfill have as a gift.” Tommy Turbyfill, Mae Bell and Tur-byfill’s nephew, stated in deposition that Mae Bell told him that if she died, then Turbyfill would not owe her anything.
On May 4,1991, Mae Bell gave Turbyfill a $300 credit against the loan balance. Turby-fill testified in deposition that on May 4, 1991, Mae Bell orally agreed to release him from the balance of the loan upon either his or her death. Turbyfill then prepared a written memorandum of the agreement and supplied all signatures in his own handwriting. The memorandum stated as follows: “the loan would be forgiven, whatever that balance was I owed her at that time.” Tur-byfill admitted that the oral release was not supported by any new and independent consideration, but was based on his having “helped” Mae Bell with her late husband’s affairs several years prior to the date of the 1989 transaction. Turbyfill testified that he helped Mae Bell with her ill husband “out of the love and kindness of [his] heart” and that he had not expected any reward or compensation.
Mae Bell died on March 27, 1994. Her son, Louis Hyde, filed this action to collect the remaining balance of the loan.
A summary judgment motion may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. Substantial evidence is “ ‘evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.’ [Ala.Code 1975,] § 12-21-12(d).” Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989). An appellate court reviews the record in a light most favorable to the non-movant and resolves all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359 (Ala.1993).
*361 In entering the summary judgment in favor of Hyde, the trial court found that the 1989 transaction was a loan, that Turbyfill failed to pay the indebtedness as promised, and that there had been no legal forgiveness or release from the indebtedness. The trial court entered a judgment in favor of Hyde in the amount of $52,158.
Turbyfill argues that the trial court initially erred in finding the 1989 transaction to be a loan rather than a gift. He alternatively asserts that the oral agreement with his sister in 1991 released his obligation to repay the loan after her death.
Turbyfill’s position is that his sister intended for the transaction to be a gift. He insists that his promise to repay the sum with interest was only a unilateral promise. His own deposition testimony, however, contradicts this position. He testified that he did make payments and that he received at least one month’s credit from his sister. Furthermore, based on Turbyfill’s own words, as found in the May 1991 memorandum, it is clear that both Mae Bell and Turbyfill considered the 1989 transaction to be a loan. Were it not so, there would be no reason for an agreement to “forgive” a loan.
When a party has given unambiguous answers that negate the existence of a genuine issue of material fact, that party is precluded from creating an issue of fact by providing a subsequent affidavit that contradicts, without explanation, his previous deposition testimony. Walls v. General Motors Acceptance Corp., 602 So.2d 414 (Ala.Civ.App.1992).
Turbyfill’s position is in conflict with his deposition testimony. This inconsistency precludes him from creating the existence of a genuine issue of material fact. Walls. We find no error with the trial court’s finding that the 1989 transaction was a loan.
Section 8-1-23, Code 1975, provides the following: “An obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration or in writing with or without new consideration.”
The May 1991 memorandum executed by Turbyfill was self-serving and was not signed by Mae Bell. We, therefore, must determine whether the alleged oral release was accompanied by any new consideration. Thrash v. Deason, 435 So.2d 69 (Ala.1983).
In his deposition, Turbyfill expressly admitted that the reason Mae Bell would have forgiven the debt was because he had helped her with her late husband’s affairs. Turbyfill testified that Mae Bell’s husband died “between ‘82 and ‘85.” This “help” happened several years before the 1989 loan was made. At any rate, Turbyfill testified that he helped his sister without any expectation of reward or compensation. From Turby-fill’s own testimony, we find a total lack of any new consideration. There was no new benefit flowing to Mae Bell, or any detriment incurred by Turbyfill. Thrash.
Once again, Turbyfill’s position is in conflict with his testimony. The inconsistency precludes him from creating the existence of a genuine issue of material fact as it relates to the effectiveness of the release. Walls.
There being no genuine issue of material fact, we find that the trial court, as a matter of law, correctly entered a summary judgment in favor of Hyde. Its judgment is affirmed. Hyde’s request for damages under Rule 38, Ala.R.App.P., is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.