RICHARD L. HOLMES, Retired Appellate Judge.
Dr. Allen Yeilding and his wife, Cindy, appeal from a summary judgment entered in favor of Charles E. Riley (landowner) and his wife, Lillie. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: On May 21, 1994, Yeilding and his son visited Tuscaloosa, Alabama, for the purpose of searching for suitable housing for Yeilding’s son, who was scheduled to enroll at the University of Alabama for the 1994 fall semester. Yeilding had attended the University of Alabama in the mid 1970s and had rented a house in Tuscaloosa located at 2315 7th Street East. Yeilding decided that he would return to that particular house to determine whether the house “was available” and to determine the “current status” of the house. It is undisputed that before entering the property, Yeild-ing did not know if the property was a rental property or a private residence.
Yeilding testified that, upon entering the property, he saw some grey concrete cylinders, which he thought were approximately two feet long and ten inches in diameter. Yeilding stated that the cylinders were “lying end to end,” forming, what he described as, a “boundary.” Yeilding stepped on top of one of the cylinders; the cylinder “rolled”. forward, causing him to fall and to, injure his ankle.
On March 3, 1995, Yeilding filed a complaint against the landowner, alleging that the landowner had maintained an unreasonably dangerous condition on his property and that the landowner had negligently and wantonly failed to warn Yeilding of that dangerous condition. Yeilding’s wife, Cindy, also filed a claim against the landowner for loss of consortium.
On February 11, 1997, the trial court entered a summary judgment in favor of the landowner, after determining that Yeilding was a licensee and that there was no evidence to indicate that the landowner had breached any duty owed to Yeilding.
Yeilding appeals.
At the outset we note the following well-settled law regarding the burden of proof required .for a nonmovant to defeat a properly supported summary judgment motion:
“A summary judgment motion may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). Once the moving party makes a prima facie showing that no genuine issue of [a] material fact exists, the burden shifts to the nonmovant to go forward with substantial evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So .2d 104 (Ala.1989).”
Gary v. Cross, 678 So.2d 154, 156 (Ala.Civ.App.1996).
On appeal Yeilding contends that he was a licensee or invitee, while the landowner contends that Yeilding was a trespasser. After carefully reviewing the record, we conclude that it is irrelevant whether Yeilding was trespasser or a licensee, because the landowner would be entitled to a summary judgment in either case.
“Under Alabama law, the duty owed by a landowner to an injured party depends upon the status of the injured party in relation to the landowner’s land.... The status of the injured party is that of a trespasser, a licensee, or an invitee.” Copeland v. Pike Liberal Arts School, 553 So.2d 100, 102 (Ala.1989).

TRESPASSER

“ If [Yeilding] was a trespasser, the duty that [the landowner] owed to [Yeilding] was not to wantonly or intentionally injure him and to warm him of dangers known by [the landowner] after [the landowner] was aware of danger to [Yeilding]. Raney v. Roger Downs Insurance Agency, 525 So.2d 1384, 1386-87 (Ala.1988).”
Copeland, 553 So.2d at 102 (emphasis in original).

LICENSEE

“If [Yeilding was] found to have been on [the] landowner’s property with the land *429 owner’s consent or as his guest, but with no business' purpose, [Yeilding was] a licensee and the landowner [owed] him the duty not to willfully, wantonly, or negligently injure him after the landowner [had] discovered danger to [Yeilding].”
Copeland, 553 So.2d at 102 (citations omitted) (emphasis in original).
Therefore, the landowner’s duty to Yeilding, regardless of whether Yeilding was a trespasser or a licensee, was not to “willfully or wantonly injure [Yeilding], or not to allow [Yeilding] to be negligently injured after becoming aware of [his] peril.” Raney v. Roger Downs Insurance Agency, 525 So.2d 1384, 1387 (Ala.1988) (emphasis added). In the instant ease, it is undisputed that the landowner did not learn that Yeilding had been on his property or that Yeilding had been injured until after Yeilding filed his lawsuit. Thus, any claim against the landowner under the trespass theory or the licensee theory must fail, because the landowner was unaware of Yeilding’s peril in either case. Copeland.
In any event, after reviewing the record, we conclude that the landowner also made a prima facie showing that he did not breach any duty owed to Yeilding as a trespasser or a licensee. The landowner testified that the cylinders were present when he purchased the house and that he assumed the cylinders were there as a “water deterrent.” Yeilding failed to rebut the landowner’s prima facie showing by producing any substantial evidence that the landowner was conscious that the condition of the cylinders would cause Yeilding’s injury.
Thus, the only issue left for this court to address is whether Yeilding’s status at the time of his injury was that of an invitee.

INVITEE

“A person who enters the land with the landowner’s consent to bestow some material or commercial benefit upon the landowner is deemed an invitee. A landowner owes an invitee the duty to keep the premises in a reasonably safe condition and, - if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee.”
Hambright v. First Baptist Church-Eastwood, 638 So.2d 865, 868 (Ala.1994) (citations omitted).
Again, we conclude that the landowner made a prima facie showing on his motion for a summary judgment that the property was not rental property and that Yeilding was not an invitee. The landowner testified that he purchased the property in April 1991 as an investment for retirement. However, he stated that he really did not consider the property rental property because he had never advertised the property as rental property. The landowner did testify, however, that if any of his friends were having problems, he would allow them to use the property for a while. The landowner testified that on one occasion he allowed one of friends, who he described as a “freeloader,” to occupy the property for approximately two months. Thereafter, the landowner’s son and his wife moved in and occupied the property without paying rent.
Yeilding strongly contends that he was an invitee because, he says, he entered the property for the purpose of commercially or materially conferring a benefit upon the landowner. Yeilding, however, produced no evidence that the property was rental property other than the fact that the landowner had, for a brief time, rented the property to one of his friends.
In essence, it would appear that Yeilding was nothing more than a trespasser when he entered the landowner’s property. A trespasser has been defined as follows:
“A person is a trespasser where he enters on the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or any business of such person, but merely for his own purposes, pleasure, or convenience, or out of curiosity, and without any enticement, allurement, inducement, or express or implied assurance of safety from the owner or person in charge. As otherwise ex *430 pressed, a trespasser is a person entering or remaining on land in another’s possession without privilege to do so, created by the possessor’s consent or otherwise.”
65 C.J.S. Negligence § 63(3)(1966) (footnotes omitted) (emphasis added).
Indeed, the evidence indicates that Yeild-ing entered the landowner’s property out of curiosity, for the sole purpose of determining the “current status” of the property. Under normal circumstances, a person interested in renting or buying property usually contacts a real estate company, responds to an advertisement, or is prompted by a real estate sign posted on a landowner’s property. Here, there was no indication that the landowner’s property was for rent or for. sale. Instead, Yeilding assumed that the property was available for rent because he had rented it over 20 years ago.
Even if the property was rental property, we find that Yeilding’s actions, entering the property without first contacting the landowner or being accompanied by an agent, were inappropriate and, thus, constituted a trespass.
Based on the foregoing, we conclude that the trial court did not err in entering a summary judgment in favor of the landowner. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions-of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.